**Jose Emiliano Morales MEDINA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–72048.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2013.*

Filed Oct. 25, 2013.

Jose Emiliano Morales Medina, Bakersfield, CA, pro se.

Jessica Eden Sherman, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jose Emiliano Morales Medina, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Morales Medina's motion to reopen as untimely where Morales Medina filed his motion more than three years after his order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to demonstrate that the time limits for motions to reopen should be equitably tolled due to any alleged error on the part of previous counsel, *see Mohammed,* 400 F.3d at 793 (To prevail on an ineffective assistance claim "the petitioner must demonstrate first that counsel failed to perform with sufficient competence...."). Morales Medina's related contention that the BIA abused its discretion by not adequately addressing his ineffective assistance claim is belied by the record.

We lack jurisdiction to consider Morales Medina's remaining contentions because he failed to exhaust those contentions before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.